UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 05-10832-DHW<br>Chapter 7 |
| JOHN DAVID JOYNER, | |
| Debtor. | |
| _____ | |
| SHEREE LYNN JOYNER, | |
| Plaintiff, | |
| v. | Adv. Proc. No.05-1084-DHW |
| JOHN DAVID JOYNER, | |
| Defendant. | |
| _____ | |
| JOHN DAVID JOYNER, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 05-1113-DHW |
| SHEREE LYNN JOYNER, | |
| Defendant. | |

### MEMORANDUM OPINION

Sheree Lynn Joyner filed a complaint under 11 U.S.C. § 523(a)(15) on August 3, 2005 to determine that a portion of her claim against John David Joyner is nondischargeable. The action is designated Adv. Proc. No. 05-1084-DHW.

On September 22, 2005, John David Joyner removed to this court an action filed by Sheree Lynn Joyner in the Superior Court of Turner County, Georgia to determine the dischargeability of her claim under 11 U.S.C. § 523(a)(5).[1] The removed action is designated Adv. Proc. No. 05-1113-DHW.

Sheree Lynn Joyner filed a motion requesting the court to abstain from hearing the removed action. For the reasons set forth below, the motion is due to be granted.

### Jurisdiction

This court's jurisdiction in these adversary proceedings is derived from 28 U.S.C. § 1334 and from the United States District Court for this district's general order referring all title 11 matters to this court. Further, because complaints to determine the dischargeability of particular debts are core proceedings under 28 U.S.C. § 157(b)(2)(I), this court's jurisdiction extends to the entry of a final order or judgment.

### Discussion
The Removed State Court Action (Adv.Proc. No. 05-1113)

In the removed state court action, Sheree Lynn Joyner seeks a determination that her claim against John David Joyner is non-dischargeable under 11 U.S.C. § 523(a)(5). The statute provides as follows:

---

[1] For the purpose of clarity the court points out that John David Joyner designated himself as plaintiff in the removed state court action (Adv. Proc. No. 05-01113-DHW). This designation, of course, is in error. Sheree Lynn Joyner was plaintiff in the State court action, and the removal of that action to this court does not reverse the parties' status as either plaintiff or defendant.

2

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
>>> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
>>> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5).

It is settled law in this jurisdiction that state courts have concurrent jurisdiction with bankruptcy courts to determine whether an obligation is in the nature of support for purposes of 11 U.S.C. § 523(a)(5). *Cummings v. Cummings*, 244 F.3d 1263, 1267 (11th Cir. 2001), *Arrington v. Arrington (In re Arrington)*, Adv. Proc. No. 04-1305-DHW (Bankr. M.D. Ala. Feb. 10, 2005).

Further, bankruptcy courts in this circuit have been admonished to avoid unnecessary entanglement in state court domestic matters. The Circuit Court of Appeals held that "[i]t is appropriate for bankruptcy courts to avoid incursions into family law matters 'out of consideration of court economy, judicial restraint, and deference to our state court

3

Case 05-01084    Doc 18    Filed 11/04/05    Entered 11/04/05 08:37:15    Desc Main
Document    Page 3 of 6

brethren and their established expertise in such matters.'" *Carver v. Carver*, 954 F.2d 1573, 1579 (11th Cir. 1992) (citations omitted), *cert. denied,* 506 U.S. 986, 113 S. Ct. 496, 121 L. Ed. 2d 434 (1992).

In the case *sub judice* the state court has held a number of hearings concerning post-divorce disputes between these parties. Therefore, in addition to the state court's established judicial expertise in domestic matters, the state court is familiar with this selfsame case. The state court is better able to determine the meaning of its own orders (that is, what portion of Sheree Lynn Joyner's claim is actually in the nature of support and maintenance). Deference to and comity for the state court in this matter is the preferred course.

Therefore, pursuant to 28 U.S.C. § 1334(c)(1), this court will abstain from hearing the removed state court action (Adv. Proc. No. 05-1113), and the same will be remanded to the Superior Court of Turner County, Georgia.

The argument made by John David Joyner in opposition to abstention and remand is not persuasive. He contends that he cannot receive a fair and impartial hearing in the state court due to the bias or impartiality of the state court judge.

First, other than rulings in favor of his former spouse, John David Joyner offers no other evidence to substantiate his claim of bias or impartiality. Second and more importantly, John David Joyner may move for recusal of the state court judge, and if unsuccessful, may appeal any adverse judgment.

### The § 523(a)(15) Claim (Adv.Proc. No. 05-1084)

In the action filed originally in this court, Sheree Lynn Joyner seeks a determination that debts owed to her by John David Joyner which are not in the nature of support and maintenance are nondischargeable pursuant to 11 U.S.C. § 523(a)(15). The statute

4

Case 05-01084   Doc 18   Filed 11/04/05   Entered 11/04/05 08:37:15   Desc Main
Document   Page 4 of 6

provides as follows:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by governmental unit unless—
>>> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>>> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15).

Unlike the concurrent jurisdiction shared with state courts on claims under 11 U.S.C. § 523(a)(5), the bankruptcy court has exclusive jurisdiction of claims under 11 U.S.C. § 523(a)(15). *Renfrow v. Draper*, 232 F.3d 688, 693 (9th Cir. 2000); *Spilman v. Harley*, 656 F.2d 224, 226 (6th Cir. 1981) (based on former version of § 523(c); *Hester v. Daniel (In re Daniel)*, 290 B.R. 914, 922 (Bankr. M.D. Ga. 2003); *Schorr v. Schorr (In re Schorr)*, 299 B.R. 97, 106 (Bankr. W.D. Pa. 2003).

Therefore, all proceedings in Adv. Proc. No. 05-1084 will be

5

suspended in this court until the parties advise that the § 523(a)(5) action has been concluded in state court.  The court will then restore Adv. Proc. No. 05-1084 to its active calendar and determine whether any remaining debt owed by John David Joyner to Sheree Lynn Joyner is dischargeable under 11 U.S.C. § 523(a)(15).

## Conclusion

For the foregoing reasons the motion to abstain in Adv. Proc. No. 05-1113 will be granted, and the proceeding will be remanded to the Superior Court of Turner County, Georgia.  Further, all proceedings in Adv. Proc. No. 05-1084 will be suspended pending the conclusion of the state court action.

Pursuant to Fed. R. Bankr. Proc. 9021, an order consistent with this memorandum opinion will enter separately.

Done this the 3rd day of November, 2005.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: C. H. Espy, Jr., Attorney for John David Joyner
   Patrick S. Flynn, Attorney for Sheree Lynn Joyner